UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:16-cv-63008-BB

NORTHROP AND JOHNSON HOLDING
COMPANY, INC., a Florida corporation,

      Plaintiff,

vs.

CARYN LEAHY, a citizen of Rhode Island, and
NORTHROP AND JOHNSON YACHT
CHARTERS, INC., a Rhode Island Corporation,

      Defendants.

_____/

**DEFENDANTS' MOTION TO STRIKE AFFIRMATIVE DEFENSES AND
INTEGRATED MEMORANDUM OF LAW**

      Defendants, by and through undersigned counsel, hereby move to strike Plaintiff's Affirmative Defenses to Counterclaim, as follows:

      1.      Plaintiff's Affirmative Defenses to the Counterclaim [part of D.E. 63] must be stricken as they do not comply with the legal pleading requirements.

      2.      The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f). *See Williams v. Eckerd Family Youth Alternative*, 908 F.Supp. 908, 910 (M.D.Fla.1995). Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Thus, a defense will be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D.Fla.1976).

      3.      The party raising the affirmative defense "must do more than make conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684

(M.D.Fla.2002).

4. In *Microsoft Corp.,* the defendant "failed to allege any facts whatsoever in support" of its affirmative defense. *Microsoft Corp.,* 211 F.R.D. at 684. (striking affirmative defense where it fell "woefully short" of the liberal pleading requirements of Rule 8.) Where the affirmative defenses are no more than "bare bones conclusory allegations, [they] must be stricken." *Id.* "Affirmative Defenses" without factual allegations to support the conclusory statements are insufficient as a matter of law and must be stricken. *Williams v. Wells Fargo Fin. Servs., Inc., No. 11-21233-CIV, 2013 WL 12092533, at *4 (S.D. Fla. Jan. 16, 2013)*. A court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

5. The following are the specific shortcomings of the affirmative defenses set forth in in D.E. 64:

    a. **Affirmative Defense #1:** *The Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.* This is not a defense but a conclusory denial. *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.,* 198 F. Supp. 3d 1327, 1329 (M.D. Fla. 2016). *See also Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *12 (S.D.Fla. Mar. 4, 2005) (affirmative defenses of failure to state a claim, failure to mitigate damages, waiver and estoppel, and unclean hands stricken because each of these affirmative defenses contained only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand").

    b. **Affirmative Defense #2:** *Counterclaimants' claims are barred, in whole or in part, by the doctrine of laches.* The defense of laches, like other equitable defenses in Affirmative Defense #6, is a bare-bones conclusory allegation. As such, it is

2

LEHTINEN SCHULTZ, PLLC
1111 Brickell Avenue | Suite 2200 | Miami, Florida 33131 | Tel. 305 760 8544 | Fax. 305 356 5720 | www.LSRCF.com

impossible for the counterclaimant to frame a response. *See also Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *12 (S.D.Fla. Mar. 4, 2005)

c. **Affirmative Defense #3:** *Counterclaimants' claims are barred, in whole or in part, under the principles of equity, including unclean hands, inter alia, because of Counterclaimants' faults and misleading statements of fact, as set forth in the Counterclaim.* It is unclear what "principles of equity, including unclean hands," Counterdefendant is asserting here as a defense. Accordingly, Counterclaimant cannot adequately respond. Moreover, it is unclear which particular misleading statements of fact set forth in another pleading would amount to unclean hands. This type of collective assertion of equitable defenses is inappropriate. *Morrison v. Exec. Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005); Moreover, general allegations in the counterclaim do not relieve the Counterdefendant of its obligation to put Counterclaimants on notice of the grounds upon which each affirmative defense rests. *HW Aviation LLC v. Royal Sons, LLC*, No. 807-CV-2325-T-23MAP, 2008 WL 4327296, at *7 (M.D. Fla. Sept. 17, 2008)

d. *Affirmative Defense #4: Contractual Estoppel.  Counterclaimants, Caryn Leahy and Northrop and Johnson Yacht Charters, Inc., are contractually estopped from asserting Northrop and Johnson Holding Company, Inc.'s inability to control the use of the trademark in internet advertising, marketing or control over the Mark's branding*.  This defense provides insufficient notice of what contract estops Counterclaimant's assertion, and should be stricken*. Merrill Lynch Bus. Fin.*

3

*Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861-CIV-MARTINEZ, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005). Note that the sole agreement between Counterclaimants and Counterdefendants has been fully performed in 1997, and can thus no longer be breached by Counterclaimants

e. **Affirmative Defense #5:** *Legitimate Business Interest. Counterclaimants' claim of unfair competition is barred because the acts about which Counterclaimants complain were undertaken for legitimate business purposes*. A legitimate business interest is not a recognized affirmative defense for unfair competition. At best, it denies that the alleged competition was unfair, and as such is not a proper affirmative defense, but a mere denial of the claim against Counterdefendant. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Nor is the alleged legitimate business purpose stated.

f. **Affirmative Defense #6:** *Laches, Waiver, Estoppel. The Counterclaim, and each of its purported causes of action, is barred in whole or in part by the doctrine of laches, waiver or estoppel*. The affirmative defenses of waiver and estoppel, and unclean hands is to be stricken when they contain only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand").*Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *12 (S.D.Fla. Mar. 4, 2005). Moreover, it is unclear which of the three defenses is pleaded in Affirmative Defense #6. *See also Luxottica Grp. S.P.A. v. Cash Am. E., Inc.,* 198 F. Supp. 3d 1327, 1330 (M.D. Fla. 2016)

g. **Affirmative Defense #7**: *Failure to Mitigate. The Counterclaimants have failed*

4

*to mitigate the harm they claim to have sustained, if any*. The affirmative defense of failure to mitigate is to be stricken when they contain only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *12 (S.D.Fla. Mar. 4, 2005); Georgetown Trading Co., LLC v. Venturi Spirits, LLC, No. 14-62277-CIV, 2015 WL 11197791, at *4 (S.D. Fla. May 8, 2015).

 h. **Affirmative Defense #8:** *Counterdefendant was legally justified in terminating the License Agreement dated November 24, 1997 with Polaris for a legitimate business purpose.* This is a bare-bones pleading without any indication of what legitimate business purpose allegedly justified termination of the agreement, nor is there any indication as to which agreement was justifiedly terminated, and how that should excuse Counterdefendant's alleged wrongdoing. Morevoer, there is no claim asserted in the Counterclaim for the breach or termination of the License agreement between Counterdefendant and a third party, so that the Eighth Affirmatice Defense is on its face nonsensical and should be stricken. Nor are the counterclaimants a party to the said License Agreement.

 i. **Affirmative Defense #9**: *Counterdefendant took no action to interfere with the contractual relationship, that is, the Sub-License Agreement under which Counterclaimants used the Service Mark until their lawful termination of the Mark's use due to Counterclaimants' breaches*. The Ninth Affirmative Defense is nothing more than a denial that Counterdefendant interfered with the contractual relationship, and as such is an improper affirmative defense. *In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988)

5

j.  **Affirmative Defense #10:** *Counterclaimants' claim for intentional interference with contractual relationship or tortious interference is barred by the applicable statute of limitations.* Plaintiff does not indicate what statute of limitations applies, and why the claims come too late. The Federal Pleading form requires some indication or explanation as to how a statute of limitations would bar a claim, so as to place the claimant on notice. The Form's example of a statute of limitations defense is qualitatively no different: "The plaintiff's claim is barred by the statute of limitations because it arose more than ____ years before this action was commenced." Fed.R.Civ.P. Form 30 (2012). In this case, the Defense lacks specificity.

k.  **Affirmative Defense #11**: *Privilege: Counterdefendant was privileged in taking all actions concerning the termination of the Sub-License Agreement and the License Agreement.* This defense is again a bare-bones allegation without sufficient facts. Moreover, it is nonsensical on its face, because the Counterdefendant was not a party to the Sub-license Agreement and could thus not terminate it. In turn, Counterclaimants are not parties to the License Agreement.

l.  **Affirmative Defense #12**: *Justification. Counterdefendant was legally justified to take the actions it did concerning the sub-licensee's termination of the right to use the Service Mark.* Barebones assertions of defenses without any supporting facts are legally insufficient. *Microsoft Corp.,* 211 F.R.D. at 684. (striking affirmative defense where it fell "woefully short" of the liberal pleading requirements of Rule 8.) Where the affirmative defenses are no more than "bare

6

bones conclusory allegations, [they] must be stricken." *Id.*

m. **Affirmative Defense #13**: *Unjust Enrichment. It would be unjust enrichment for Counterclaimants to recover any damages or injunctive relief for the claims asserted in the Counterclaim.* Unjust enrichment is insufficiently pled, as there is no assertion as to how Counterclaimant would be unjustly enriched. *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1330 (M.D. Fla. 2016).

n. **Affirmative Defense #14**: *Breach of Contract. Counterclaimants cannot recover damages as alleged in the Counterclaim because Counterclaimants breached their contract with Counterdefendant*. The only contracts between Counterclaimants and Counterdefendant are two Nondisturbance Agreements, one of which is attached to the Second Amended Complaint. A plain reading of that Non-disturbance Agreement shows that Counterclaimants fully complied with its obligations at time of execution, and that they had no further obligations they could possibly breach. Thus, the documents attached to and integrated into the pleadings demonstrate that this allegation is repugnant and untenable and should be stricken. Moreover, this defense simply denies an element of the counterclaim, i.e., compliance with conditions precedent. It is thus not a proper affirmative defense, and should be stricken.

o. Finally, *Counterdefendant reserves the right to amend its pleadings at a later stage*. Such reservations are improper, unless withdrawn. *Georgetown Trading Co., LLC v. Venturi Spirits, LLC*, No. 14-62277-CIV, 2015 WL 11197791, at *4 (S.D. Fla. May 8, 2015)

**LEHTINEN SCHULTZ, PLLC**
1111 Brickell Avenue | Suite 2200 | Miami, Florida 33131 | Tel. 305 760 8544 | Fax. 305 356 5720 | www.LSRCF.com

WHEREFORE, for the foregoing reasons, Counterclaimants respectfully request that this Court strike Counterdefendant's affirmative defenses to the Counterclaim, and grant such other and further relief as is necessary and proper.

LEHTINEN SCHULTZ, PLLC
*Attorneys for Defendants/Counterclaimants*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Telephone: 305-760-8544
Facsimile: 305-356-5720
email: criedi@lsrcf.com

By: __/s/ Claudio Riedi_____
    Claudio Riedi, Esq.
    Fla Bar No.: 984930
    Thomas G. Schultz, Esq.
    Fla. Bar No.: 092860

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record who are registered to receive service through the CM/ECF system.

By: /s/ Claudio Riedi, Esq._____
    CLAUDIO RIEDI, ESQ.

LEHTINEN SCHULTZ, PLLC
1111 Brickell Avenue  |  Suite 2200  |  Miami, Florida 33131  |  Tel. 305 760 8544  |  Fax. 305 356 5720  |  www.LSRCF.com