# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-63008-BLOOM/Valle

NORTHROP AND JOHNSON
HOLDING COMPANY, INC.,

      Plaintiff,

v.

CARYN LEAHY and NORTHROP AND
JOHNSON YACHT CHARTERS, INC.,

      Defendants.

_____/

## ORDER GRANTING IN PART AND
## DENYING IN PART MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike Affirmative Defenses and Integrated Memorandum of Law, ECF No. [64], filed on October 30, 2017 ("Motion"). In the Motion, Defendants move to strike all fourteen of Plaintiff's Affirmative Defenses to the Defendants' Counterclaims, as well as Plaintiff's reservation of right to amend its affirmative defenses. *See* ECF No. [63]. The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.      BACKGROUND

Plaintiff Northrop and Johnson Holding Company, Inc. ("Plaintiff" or "Holding") filed the operative complaint in this action, the Second Amended Complaint, ECF No. [41] ("SAC"), on June 27, 2017. Defendants Caryn Leahy and Northrop and Johnson Yacht Charters, Inc. (together, "Defendants") moved to dismiss the SAC, and the Court denied that motion on

September 22, 2017. ECF No. [56]. Defendants filed their Answer, Affirmative Defenses, and Counterclaim on October 2, 2017. ECF No. [58]. In response, Plaintiff filed its Answer and Affirmative Defenses to Counterclaim, ECF No [63], which included fourteen affirmative defenses (the "Affirmative Defenses") and a reservation of right to amend. Defendants now move to strike all fourteen Affirmative Defenses and the reservation of right to amend. ECF No. [64]. Plaintiff opposes the Motion, arguing that each Affirmative Defense provides "fair notice of the claim for Defendants to respond accordingly." ECF No. [67] ¶ 2. In the alternative, Plaintiff requests that it be given opportunity to amend any stricken Affirmative Defense. *Id.* ¶ 4. No reply was filed.

## II.    LEGAL STANDARD

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013). A defense which addresses a defect in a party's claim or which fails to put the opposing party on notice of the nature of the defense is not a properly asserted affirmative defense. *Id.*

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants a court broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318–19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *United States Commodity Futures Trading Comm'n v. Mintco, LLC*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016) (denying in part motion to strike affirmative defenses). Thus,

despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E.*, LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-CV-2624, 2013 WL 593842, at *2 (M.D. Fla. Feb. 15, 2013) (calling Rule 12(f) a "draconian sanction").

Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison*, 434 F. Supp. 2d at 1319. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, No. 12-61716-CV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts in this Circuit have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900-J-39, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); s*ee also Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-337-J-37, 2011 WL 2938467, at *2–3 (M.D. Fla. July 21, 2011). Others have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See, e.g.*, *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) (denying in part plaintiff's motion to strike affirmative defenses and instead treating certain defenses as specific denials); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) (denying motion to strike defendant's affirmative defenses because the affirmative defenses provided plaintiff with fair notice); *Ramnarine*, 2013 WL 1788503 at *1 (denying motion to strike affirmative defenses).

In this Court's opinion, "the difference in language between Rules 8(a) and Rule 8(b) is subtle but significant." *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, * 2 (S.D. Fla. June 12, 2017); *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *2–3 (S.D. Fla. Nov. 7, 2017). While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162 at *2 ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing' "); *Floyd v. Suntrust Banks, Inc.*, No. 1:10-CV-2620, 2011 WL 2441744 at *7 (N.D. Ga. June 13, 2011) ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.' " *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)). Furthermore, "when one

considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 WL 2441744 at *8.

Thus, "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Laferte*, 2017 WL 2537259, at *2. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enter., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540–41 (1991)).

However, under this standard, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations" or is "insufficient as a matter of law." *Adams*, 294 F.R.D. at 671; *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). An affirmative defense is insufficient as a matter of law where: " '(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.' " *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2 (quoting *Microsoft Corp. v. Jessee's Comp. & Repair Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)); *see also Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") (internal quotation and citation omitted)).

### III.    ANALYSIS

### A.  Defendants' Motion to Strike an Invalid Affirmative Defense: Affirmative Defense 1

In its Motion, Defendants argue that Affirmative Defense 1 should be stricken because an assertion that a counterclaim fails to state a claim is not a valid affirmative defense.  This Court agrees.  "[F]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case."  *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007).   Accordingly, Affirmative Defense 1 is stricken.

### B.  Defendants' Motion to Strike Bare Bones Affirmative Defenses and Affirmative Defenses that Fail to Put the Defendants on Notice: Affirmative Defenses 2–4, 6–8, and 10–13

Rules 8(b) and (c) do not require the heighten pleading standard set out in Rule 8(a).  A court may strike an affirmative defense if it is patently frivolous, insufficient as a matter of law, or fails to put the opposing party on notice.  *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2; *Sparta Ins. Co.*, 2013 WL 5588140, at *3.  Defendants move to strike Affirmative Defenses 2–4, 6–8, and 10–13 because each is pleaded as a bare-bones legal conclusion or without sufficient facts to put Defendants on notice as to the nature of the affirmative defense.  *See* ECF No. [64].  The Court agrees that Affirmative Defenses 2, 3, 6, 7, 11, and 13 should be stricken because they fail to meet Rules 8(b) and (c)'s notice standard.  However, the Court denies the Motion to Strike Affirmative Defenses 4, 8, 10, and 12.  For those affirmative defenses, the Plaintiff has provided sufficient material to put Defendants on notice as to the nature of the defense.  Accordingly the Motion is denied as to Affirmative Defenses 4, 8, 10, and 12 and granted as to Affirmative Defenses 2, 3, 6, 7, 11, and 13.

### C. Defendants' Motion to Strike Affirmative Defenses that Should Be Treated as Denials: Affirmative Defenses 5, 9, 14

Defendants move to strike Plaintiff's Affirmative Defenses 5, 9, and 14 because the defenses are merely denials of the Defendants' counterclaim. While Court agrees that the defenses are merely denials, the appropriate remedy is not to strike Affirmative Defenses 5, 9, and 14, but rather to treat them as specific denials. Accordingly the Motion is denied as to Affirmative Defenses 5, 9, and 14.

### D. Defendants' Motion to Strike Plaintiff's Reservation of Right to Amend

Paragraph 15 of Plaintiff's Affirmative Defenses states: "Counterdefendant reserves the right to amend or add such additional separate affirmative defenses that may become available during discovery or at trial and conform any such additional defenses that it may have to the evidence as permitted by Fed. R. Civ. P. 15(b)." ECF No. [63] ¶15. The decision whether to allow amendment other than as of right rests within the Court's discretion. *Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-CV-62224, 2016 WL 8793334, at *4 (S.D. Fla. May 11, 2016). A "reservation of rights within an answer is essentially meaningless" and "does not prejudice [a party] in any way or somehow confer a right to amend . . . without the Court's approval." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *6 (S.D. Fla. Apr. 26, 2013). Accordingly, it is not necessary to strike Plaintiff's reservation of right and the Motion is denied as to Paragraph 15.

### IV. CONCLUSION

For the reasons stated above, is it **ORDERED AND ADJUDGED** that Defendants' Motion to Strike, **ECF No. [64]**, is **GRANTED** in part and **DENIED** in part as follows:

1. The Motion is **DENIED** as to Affirmative Defenses 4, 5, 8–10, 12, and 14, and as to Paragraph 15.

2. The Motion is **GRANTED** as to Affirmative Defenses 1–3, 6, 7, 11, and 13.

3. Affirmative Defenses 1– 3, 6, 7, 11, and 13 are **STRICKEN.**

4. Plaintiff may amended Affirmative Defenses 2, 3, 6, 7, 11, and 13 to conform with Rules 8(b) and (c) by **no later than December 5, 2017.**

   **DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of November, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record