UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-cv-63008-BB

NORTHROP AND JOHNSON HOLDING
COMPANY, INC., a Florida corporation,

    Plaintiff,

vs.

CARYN LEAHY, a citizen of Rhode Island, and,
NORTHROP AND JOHNSON YACHT
CHARTERS, INC., a Rhode Island corporation,

    Defendants.
_____/

## SETTLEMENT AGREEMENT

Plaintiff, Northrop and Johnson Holding Company, Inc., and Defendants, Caryn Leahy and Northrop and Johnson Yacht Charters, Inc., agree to settle all of their disputes and claims against each other in consideration of the terms and conditions of this settlement agreement, which are as follows:

1.    Northrop and Johnson Holding Company, Inc. ("Holding Company" or "Holding") and Defendants have created a new service mark titled "Northrop-Johnson Newport Luxury Yacht Charters" ("New Mark"). The parties agree that the New Mark in the form attached as Exhibit A to the Trademark License Agreement, Exhibit "1", of even date herewith, and the terms of the Trademark License Agreement shall prevail over the terms of this Settlement Agreement when any interpretation is required. The New Mark is owned by and may be registered by Holding as set forth in the Trademark License Agreement.

Page **1** of **3**

2. Caryn Leahy and Northrop and Johnson Yacht Charters, Inc., will not use the "Northrop & Johnson", "Northrop and Johnson" or "The Authority in Yachting Since 1949" marks on any internet websites, advertisements, marketing materials, publications, or written communications to the public or clients after the New Mark License is issued.

3. The "NJCharters.com" domain name is and shall remain the personal property of Caryn Leahy. Holding Company shall not contest Caryn Leahy's ownership of the "NJCharters.com" domain name.

4. Caryn Leahy and/or Leahy's Company may from time to time obtain membership in such business associations or trade groups as deemed by them appropriate. Currently they have business association memberships with Yacht Folio, MYBA and AYCA. Caryn Leahy and Leahy's Company will be directly responsible for paying all membership fees, dues, assessments and other charges regarding their business association memberships.

5. The parties agree to the terms of the Trademark License Agreement attached hereto as Exhibit "1". Holding Company agrees to maintain the "status quo" with Caryn Leahy and Northrop and Johnson Yacht Charters, Inc. until the New Mark is created and licensed to them.

6. Holding Company, Caryn Leahy and Northrop and Johnson Yacht Charters, Inc. agree to dismiss their claims against each other with prejudice, upon execution of this Settlement Agreement and the attached Trademark License Agreement.

7. Holding Company, Caryn Leahy and Northrop and Johnson Yacht Charters, Inc. agree that each party shall bear its own attorneys' fees and costs regarding this suit.

8. The parties shall execute mutual releases for all claims existing as of the date of this Agreement.

9. Each party agrees that neither it nor she nor any of its officers, directors or employees will disparage the other party or its officers or directors and will not do anything that could otherwise harm the other party's interests or reputation. Each party may file suit or a motion to obtain an injunction to enforce the nondisparagement terms of this Settlement Agreement.

10. This Settlement Agreement can be executed in counterparts which shall, when read together, constitute one agreement. Electronic signatures, facsimile signatures and copies of this fully executed document shall be deemed originals for all purposes and fully enforceable.

NORTHROP AND JOHNSON HOLDING COMPANY, INC.

By: _____
Name: Kevin Merrigan
Title: CEO
Date: Dec. 7, 2017

CARYN LEAHY
Date:_____

NORTHROP AND JOHNSON YACHT CHARTERS, INC.

By:_____
Name:_____
Title:_____
Date:_____

8. The parties shall execute mutual releases for all claims existing as of the date of this Agreement.

9. Each party agrees that neither it nor she nor any of its officers, directors or employees will disparage the other party or its officers or directors and will not do anything that could otherwise harm the other party's interests or reputation. Each party may file suit or a motion to obtain an injunction to enforce the nondisparagement terms of this Settlement Agreement.

10. This Settlement Agreement can be executed in counterparts which shall, when read together, constitute one agreement. Electronic signatures, facsimile signatures and copies of this fully executed document shall be deemed originals for all purposes and fully enforceable.

NORTHROP AND JOHNSON HOLDING COMPANY, INC.

By:_____
Name:_____
Title:_____
Date:_____

*[signature]*
CARYN LEAHY
Date: 12/7/17

NORTHROP AND JOHNSON YACHT CHARTERS, INC.

By: *[signature]*
Name: Caryn Johnston Leahy
Title: President
Date: 12/7/17

Page 3 of 3

EXHIBIT "1" TO SETTLEMENT AGREEMENT

TRADEMARK LICENSE AGREEMENT
DATED DECEMBER 7, 2017

## TRADEMARK LICENSE AGREEMENT

THIS AGREEMENT, effective as of the 7th day of December, 2017, by and between **Northrop and Johnson Holding Company, Inc.** (hereinafter referred to as "OWNER"), a corporation organized and existing under the laws of the State of Florida, located at 17 Rose Drive, Fort Lauderdale, Florida 33316, **Caryn Leahy and her solely owned company, Northrop and Johnson Yacht Charters, Inc.**, a corporation organized and existing under the laws of the State of Rhode Island (together, hereinafter referred to as "USER"), located at 26 Coddington Wharf, Unit 1S, Newport, Rhode Island 02840.

WHEREAS, OWNER is the owner of the common law trademark, "NORTHROP-JOHNSON NEWPORT LUXURY YACHT CHARTERS," "NJ," and certain variations thereof, as well as other trademarks and service marks, registered and unregistered, which include "NORTHROP AND JOHNSON," "N & J" and variations of each of them, as well as "THE AUTHORITY ON YACHTING SINCE 1949"; (hereinafter referred to collectively as the "Marks," or in the singular as "Mark"), and

WHEREAS, OWNER, USER, and various parties and entities related to each of them, have entered into various licenses and agreements over the past twenty years, in connection with the use of certain of the Marks, and now wish to terminate and supersede all previous agreements and to revise and record their understanding regarding same; and

WHEREAS, USER and OWNER, are parties to trademark litigation in the U.S. District Court for the Southern District of Florida (Case No. 0:16-cv-63008-BB, the "Trademark Case") in which OWNER sought to prohibit the use of the Marks by USER, and this Agreement is entered in connection with settlement thereof; and

WHEREAS, USER is desirous of discontinuing all use of the Marks except for the New Marks as allowed by this License. The New Marks are limited to the variations and design elements, font, typeface and colors, specifically as depicted in Schedule A (the "New Marks"), which are hereby expressly approved by OWNER, in connection with the yacht charter brokerage and yacht charter management business and for no other purpose;

NOW THEREFORE, in consideration of the foregoing and of the mutual promises hereinafter set forth, and other good and valuable consideration the receipt and sufficiency of which the parties expressly recognize, the parties incorporate these recitals into the following paragraphs and agree as follows:

1. **GRANT OF LICENSE: EXCLUSIVITY**

OWNER grants to USER the exclusive, nontransferable, royalty free license to use the New Marks only in the forms and manners, and with such design elements as set out in Schedule A, and in no other form, shape or manner, in connection with the yacht charter brokerage and yacht charter management services only and for no other goods, services or purpose. The territory for which this license is granted is the World. The term "royalty free" shall mean that there shall be no charges of any nature whatsoever imposed by OWNER on USER in connection with this license. OWNER shall not permit any other person to use the New Marks in the territory. USER accepts the license subject to the following terms and conditions.

2. **OWNERSHIP OF MARKS**

USER acknowledges the ownership of the Marks in OWNER, agrees that it will do nothing inconsistent with such ownership and that all use of the New Marks by USER shall inure to the benefit of and be on behalf of OWNER. USER further agrees to assist OWNER in recording this Agreement with appropriate government authorities to the extent reasonably requested by OWNER. USER agrees that nothing in this agreement shall give USER any right, title, or interest in the New Marks other than the right to use the New Marks in accordance with this license and USER agrees that it will not attack the title of OWNER to, nor attack the validity of any of the Marks, or of the license granted herein.

3. **REGISTRATION OF MARKS**

OWNER will take steps to register the New Marks with the United States Patent and Trademark Office ("PTO"). The cost of registration with the PTO shall be borne by OWNER and USER equally. The New Marks, or any of them, may also be registered by OWNER in any appropriate state or international jurisdiction at OWNER'S discretion, at OWNER's sole cost.

4. **QUALITY STANDARDS AND MAINTENANCE**

USER agrees that the nature and quality of all services rendered by USER in connection with the New Marks shall conform to the standards set by OWNER, provided such standards are reasonable in light of the source and purpose of this license, are clearly stated and promulgated with sufficient notice to permit their orderly implementation. USER agrees to cooperate with OWNER in facilitating OWNER's control of such nature and quality, to permit reasonable inspection of USER's operations, and to supply OWNER with specimens of use of the New Marks upon request. USER shall comply with all applicable laws and regulations and obtain all

appropriate government approvals pertaining to the sale, distribution and advertising of products and services covered by this license.

5. **FORMS OF USE**

USER agrees to use the New Marks only in the form and manner and with appropriate legends as prescribed from time to time by OWNER, and not to use any other trademark or service mark in combination with the New Marks without the prior written approval of OWNER. Wherever the New Marks, or any of them, appear in any promotional materials promulgated by USER, USER shall cause there to be an adjacent, prominent and clearly legible statement indicating that such use is "Not affiliated with international yacht brokerage and charter services offered by Northrop & Johnson offices worldwide." In the alternative, in situations in which the foregoing notice is not practicable, uses of the New Marks may include an asterisk symbol ("*") next to the Mark, with a clearly legible and reasonably prominent footnote reading: "Not Affiliated with international yacht brokerage and charter services offered by Northrop & Johnson offices worldwide."

6. **RESTRICTIONS ON USE; EFFECT AS TO NORTHROP AND JOHNSON, INC.**

With the issuance of this license, all other agreements, licenses and sub-licenses permitting or relating to the use by Caryn Leahy, Northrop and Johnson Yacht Charters, Inc. or related parties, of "NORTHROP & JOHNSON", "NORTHROP AND JOHNSON", "N & J" or "THE AUTHORITY ON YACHTING SINCE 1949," or any other mark, designation or trade name owned by OWNER, shall terminate and be of no further effect.

Specifically, and without limitation, this license expressly terminates and supersedes that certain Sub-License Agreement dated 24 November, 1997, by and between Polaris Yacht Brokers, Inc. and Caryn Johnston Foster and N&J Yacht Charters LLC; that certain Non-Disturbance Agreement entered into by and between Northrop and Johnson Holding Company, Inc. and Caryn Johnston Foster, dated the 31st day of October, 1997; and the Non-Disturbance Agreement entered into by and between Northrop and Johnson Holding Company, Inc. and N&J Yacht Charters, LLC, dated the 24th day of November, 1997. OWNER acknowledges that Northrop and Johnson, Inc., Henry Halsted and Bruce Leffers have entered into a covenant not to compete with USER as set forth in the Settlement Stipulation executed contemporaneously herewith (Case No. CACE-17-012789, Broward County Circuit Court, Florida)(the "Settlement Stipulation"). OWNER acknowledges that Bruce Leffers, Henry Halsted and Northrop and Johnson, Inc. have entered into a covenant not to compete with USER in charter brokerage and/or charter management in Rhode Island for so long as USER is engaged in the charter

3

brokerage or charter management business while using the New Mark and OWNER agrees to this.

With the granting of the within license, Caryn Leahy, Northrop and Johnson Yacht Charters, Inc. and any related companies, shall, as soon as reasonably practicable, cease all use of the "NORTHROP & JOHNSON," "NORTHROP AND JOHNSON," "N & J" or "THE AUTHORITY ON YACHTING SINCE 1949" marks and their equivalents and variations, except as expressly permitted herein. Upon such cessation, Caryn Leahy and Northrop and Johnson Yacht Charters, Inc. and any related companies, will make no further use of "NORTHROP & JOHNSON," "NORTHROP AND JOHNSON," "N & J" or "THE AUTHORITY ON YACHTING SINCE 1949," marks or variations thereof on any internet websites, social media, domain names, advertisements, marketing materials, publications, or written or electronic communications to the public or clients.

Northrop and Johnson Yacht Charters, Inc. and Caryn Leahy will file for a fictitious name so that they will transact their charter brokerage and charter management business only under the name "Northrop-Johnson Yacht Charters Newport".

7. **OWNERSHIP OF DOMAIN NAME; WEBSITE USE**

The "NJCharters.com" domain name is and shall remain the personal property of Caryn Leahy. Northrop and Johnson Holding Company, Inc. shall not contest Caryn Leahy's ownership of the "NJCharters.com" domain name. USER may continue to operate the website associated with such domain name in substantially the same manner as USER is currently, without hindrance or interference by OWNER as long as only the New Mark is used as authorized herein. USER may utilize the New Marks depicted in Schedule "A" attached hereto on the NJCharters.com website, social media, blogs and any other advertising media now or hereafter available. Such use will comply with applicable law, but shall not be subject to review or approval by OWNER as long as USER meets the obligations in this Agreement.

8. **INFRINGEMENT PROCEEDINGS**

USER agrees to notify OWNER of any unauthorized use of the Marks by others promptly as such use may come to USER's attention. OWNER shall have the sole right and discretion to bring infringement or unfair competition proceedings involving the Marks.

9. **TERM**

This Agreement shall continue in force and effect for as long as:

(a) Caryn Leahy is the sole owner and director and chief executive officer of Northrop and Johnson Yacht Charters, Inc.;

(b) She actively manages the day to day operations of her company and the yacht charter brokerage and charter management business (devoting at least 20 hours a week to such management);

(c) There is no merger within the meaning of F.S. § 607.1104 in which, after giving effect to the merger, Caryn Leahy is no longer the sole owner and director, and chief executive officer of the entity which holds this license;

(d) There is no merger of domestic corporations and other business entity pursuant to F.S. § 607.1108 in which, after giving effect to the merger, Caryn Leahy is no longer the sole owner and director and chief executive officer of the entity which holds this license; and,

(e) There is no sale of assets other than in the regular course of business as defined in F.S. § 607.1201 in which, after giving effect to the sale, Caryn Leahy is no longer the sole owner and director chief executive officer of the entity which holds this License.

10. **TERMINATION**

This license shall terminate immediately upon Caryn Leahy's retirement from the yacht charter brokerage and charter management business or upon her death, whichever occurs first; or upon the violation of any of provisions 8(a) through (e) above; or in the event that Caryn Leahy and/or her company opens or maintains more than one physical office, or a physical office in any location other than Newport, Rhode Island.

11. **TERMINATION FOR CAUSE**

OWNER shall have the right to terminate this license upon thirty (30) days written notice to USER in the event of any affirmative act of insolvency by USER, or upon the appointment of any receiver or trustee to take possession of the properties of USER, or upon the winding-up, sale, consolidation, merger or any sequestration by governmental authority of USER, or upon breach of any of the provisions hereof by USER, which breach remains uncured before the lapse of the period of notice. There shall be fifteen (15) days after written notice to cure any breach.

12. **EFFECT OF TERMINATION**

Upon the termination of this agreement for any reason, USER agrees to immediately discontinue all use of the Marks and any term or terms confusingly similar thereto, and to delete the same from its corporate or business name, and from any professional licenses, registries, directories, domain names, websites, social media sites, user names, hashtags, electronic signatures, and all other uses whatsoever; to cooperate with OWNER or its appointed agent to apply to the appropriate authorities to cancel recording of this agreement from all government records; to destroy all signage and printed materials, and to delete all electronic materials bearing the Marks, and that all rights in the Marks and the goodwill connected therewith shall be and remain the property of OWNER.

13. **SOURCE AND INTERPRETATION OF AGREEMENT**

This Agreement arises from the settlement of the Trademark Case. Accordingly, in entering into this Agreement it is the objective of OWNER and USER to minimize the likelihood of future disputes regarding USER's use of the New Marks and this Agreement shall be interpreted with that objective in mind. It is agreed that this Agreement will be interpreted according to the laws of the State of Florida, United States of America.

14. **JURISDICTION AND VENUE**

The parties agree any dispute in connection with this Agreement shall be litigated exclusively in the courts of Broward County, Florida, in either the state or federal courts. All parties hereto agree to waive any argument that it or she is not subject to the personal jurisdiction of the courts sitting in Broward County, Florida. In the event of any litigation over the terms of this Agreement or the use of the license, the prevailing party shall be entitled to reasonable attorney's fees and costs as determined by the court.

15. **NONDISPARAGEMENT**

Each party agrees that neither it nor she nor any of its officers, directors or employees will disparage the other party or its officers or directors and will not do or say anything that could otherwise harm the other party's interests or reputation. Each party may file suit or a motion to obtain an injunction to enforce the terms of this nondisparagement provision.

16. **SIGNATURES IN COUNTERPARTS AND ENFORCEABILITY OF COPIES**

This Trademark License Agreement can be executed in counterparts which shall, when read together, constitute one agreement. Electronic signatures, facsimile signatures and copies

of this agreement shall be deemed originals for all purposes and fully enforceable as if it were the original signed document.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

OWNER:
Northrop and Johnson Holding Company, Inc.

By: *Kevin Merrigan*
Title: *CEO / Pres.*

USER:

Caryn Leahy/Northrop and Johnson Yacht Charters, Inc.

By: Caryn Leahy
Title:_____

LOTT & FISCHER
P.O. Drawer 141098
Coral Gables, FL 33114-1098
(305) 448-7089

7

of this agreement shall be deemed originals for all purposes and fully enforceable as if it were the original signed document.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

OWNER:
Northrop and Johnson Holding Company, Inc.

By:_____
Title:_____

USER:

Caryn Leahy/Northrop and Johnson Yacht Charters, Inc.

*[signature: Caryn Johnston Leahy]*

By: Caryn Leahy
Title: 12/7/17

LOTT & FISCHER
P.O. Drawer 141098
Coral Gables, FL 33114-1098
(305) 448-7089

Schedule A





   

9